UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

GARY THEODORE DELONG,

        Plaintiff,                           Case No. 1:16-cv-176

v.                                                 Honorable Paul L. Maloney

AARON HUDECHEK, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility in Adrian, Michigan. The events that form the basis for his complaint occurred in the process of his parole revocation. On December 19, 2013, Plaintiff was arrested by Agent Vierk at the Calhoun County Parole Office as a parole violator. Following his arrest he was confined at the Calhoun County Jail. Plaintiff was subsequently moved to the Charles Egeler Reception and Guidance Center in Jackson, Michigan. Plaintiff's parole revocation hearing was conducted while he was confined at the Charles Egeler facility.

Plaintiff contends that Defendant Aaron Hudechek, Plaintiff's parole officer, violated Plaintiff's right to due process when Defendant Hudechek made the false assertion that Plaintiff had waived his right to a preliminary hearing. Plaintiff further contends that the decision revoking his parole, signed by parole board members Defendant Barbara Sampson and Defendant Amy Bonito, violated his due process rights. That is so, Plaintiff claims, because the absence of credible evidence of Plaintiff's waiver of the preliminary hearing deprived the parole board of jurisdiction to proceed against him.

Plaintiff seeks damages from Defendant Hudechek for the due process violations that resulted in his unlawful confinement beginning ten days after his arrest[1] through March 6, 2014, the date the Parole Board Notice of Action was signed by Defendant Sampson. Plaintiff seeks damages from Defendant Sampson and Defendant Bonito for the due process violations that have resulted in his unlawful confinement since March 6, 2014. Plaintiff also asks the Court to release him from confinement and award

---

[1] Presumably, Plaintiff selected this date because Michigan statute states that "[w]ithin 10 days after an arrest for an alleged violation of parole, the parolee shall be entitled to a preliminary hearing to determine whether there is probable cause to believe that the conditions of parole have been violated . . . ." MICH. COMP. LAWS § 791.239a(1).

him the discharge from parole that would have otherwise occurred July, 2014, had his parole not been unconstitutionally revoked.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit has explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

To the extent petitioner seeks monetary relief for alleged violations of his constitutional rights, his claims are appropriate under § 1983. However, claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995). The principles espoused in *Heck* have been applied to § 1983 actions like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (per curiam); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95 2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996).

Plaintiff specifically asks the Court to release him from confinement. Such a request directly challenges the fact of Plaintiff's confinement and cannot be raised under § 1983. But even if Plaintiff sought only damages, his claim could not go forward because the claims he has presented, if successful, would necessarily invalidate the parole revocation. Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision. Therefore, Plaintiff's claim is barred by *Heck* unless and until his parole revocation is invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   March 8, 2016              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge